UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

RICHARD OSUNA,

                                    Plaintiff,

      - against -

THE CITY OF NEW YORK;
THE NEW YORK CITY POLICE DEPARTMENT,
NEW YORK CITY POLICE OFFICER
CHRISTOPHER JACOBELIS, 13th Precinct,
NEW YORK CITY POLICE OFFICER
HOLIHAN, 13th Precinct,
THE BELMONT LOUNGE;
SERGIO ALARCON, as employee of Defendant
BELMONT LOUNGE,
SERGIO ALARCON, individually,

                                    Defendants.

----------------------------------------------------------------------- x

**ANSWER ON BEHALF OF
DEFENDANTS CITY OF
NEW YORK, NYPD,
JACOBELLIS AND
HOLOHAN**

08 CV 4759 (JSR)

Jury Trial Demanded

          Defendants City of New York, the New York City Police Department ("NYPD"),

Christopher Jacobellis (sued herein as "New York City Police Officer Christopher Jacobelis")

and William Holohan (sued herein as "New York City Police Officer Holihan"), by their

attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to

the complaint, respectfully allege, upon information and belief, as follows:

          1.      Deny the allegations set forth in paragraph "1" of the complaint, except

admit that the plaintiff purports to proceed as stated therein.

          2.      Deny the allegations set forth in paragraph "2" of the complaint, except

admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed and invoke the jurisdiction of this Court as stated therein.

4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to establish the pendant jurisdiction of this Court as stated therein.

5.      Paragraph "5" of the complaint sets forth a demand for a jury trial, rather than any averments of fact, and accordingly no response is required.

6.      Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff purports to proceed as stated therein, that Christopher Jacobellis and William Holohan are employed by the City of New York as police officers, that they are assigned to the 13th precinct, that the NYPD is an agency of the City of New York, and state that the allegations that defendant officers "were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of Defendant NEW YORK CITY POLICE DEPARTMENT" are conclusions of law, rather than averments of fact, and accordingly no response is required.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and that the NYPD is an agency of the City of New York, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City of New York and defendant NYPD.

2

10.    Deny the allegations set forth in paragraph "10" of the complaint, except admit that the NYPD is an agency of the City of New York, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City of New York and defendant NYPD.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.    Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was arrested by NYPD officers on or about May 22, 2007, that plaintiff was placed in handcuffs at the scene, that plaintiff was transported to a police precinct after his arrest, that NYPD officers spoke to defendant Alarcon at the scene, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the cause of any alleged physical injuries suffered by plaintiff.

15.    Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was transported by defendant Holohan from the 13th precinct to the Cabrini Green Medical Center on May 22, 2007, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise treatment plaintiff received, and the allegations concerning plaintiff's co-workers.

16.    Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff was transported to Central Booking, and deny knowledge or information

3

sufficient to form a belief as to the truth of the allegations concerning plaintiff's medical condition or any medical treatment plaintiff received, and the allegations concerning any criminal charges brought against plaintiff.

17.    In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and reallege paragraphs "1" through "16" of this answer as if fully set forth herein.

18.    Deny the allegations set forth in paragraph "18" of the complaint.

19.    Deny the allegations set forth in paragraph "19" of the complaint insofar as is asserts any averments of fact; insofar as it asserts conclusions of law, no response is required.

20.    In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege paragraphs "1" through "19" of this answer as if fully set forth herein.

21.    Deny the allegations set forth in paragraph "21" of the complaint.

22.    Deny the allegations set forth in paragraph "22" of the complaint insofar as it asserts any averments of fact; insofar as it asserts conclusions of law, no response is required.

23.    In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and reallege paragraphs "1" through "22" of this answer as if fully set forth herein.

24.    Deny the allegations set forth in paragraph "24" of the complaint.

25.    Deny the allegations set forth in paragraph "25" of the complaint.

26.     In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege paragraphs "1" through "25" of this answer as if fully set forth herein.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege paragraphs "1" through "27" of this answer as if fully set forth herein.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and reallege paragraphs "1" through "29" of this answer as if fully set forth herein.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege paragraphs "1" through "31" of this answer as if fully set forth herein.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege paragraphs "1" through "33" of this answer as if fully set forth herein.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege paragraphs "1" through "35" of this answer as if fully set forth herein.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege paragraphs "1" through "37" of this answer as if fully set forth herein.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege paragraphs "1" through "39" of this answer as if fully set forth herein.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege paragraphs "1" through "41" of this answer as if fully set forth herein.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.     In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege paragraphs "1" through "43" of this answer as if fully set forth herein.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46.     In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege paragraphs "1" through "45" of this answer as if fully set forth herein.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

48.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

49.     Defendants City of New York, NYPD, Jacobellis and Holohan have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

50.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and/or co-defendants and was not the proximate result of any act of defendants City of New York, NYPD, Jacobellis and Holohan.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

51.     Plaintiff's claims against the City of New York arising under state law are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

52.     Plaintiff's state law claims may be barred for failure to comply with New York General Municipal Law §§ 50-e and 50-i.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

53.     The NYPD is not a suable entity pursuant to §396 of the New York City Charter, and accordingly all claims against it are barred.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

54.     The plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

55.     Plaintiff is not entitled to injunctive relief.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

56.     There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

57.     At all times relevant to the acts alleged in the complaint, defendants City of New York, its agents and officials acted reasonably and properly in the lawful exercise of their discretion.  Therefore, they are entitled to governmental immunity from liability.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

58.     Defendants Jacobellis and Holohan have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              July 22, 2008

                                          MICHAEL A. CARDOZO
                                          Corporation Counsel of the
                                          City of New York
                                          Attorney for defendants City of New York, NYPD,
                                          Jacobellis and Holohan
                                          100 Church Street,
                                          New York, New York 10007
                                          (212) 788-1177


                                  By:     /s_____
                                          Benjamin E. Stockman
                                          Assistant Corporation Counsel
                                          Special Federal Litigation Division



To:     Victor Brown, Attorney for plaintiff
        11 Park Place
        Suite 600
        New York, NY 10007  (via E.C.F. and first class mail)

        J. Roberto Cardenas, Esq., Attorney for defendants Belmont Lounge and Alarcon
        119 West 57th Street, Suite 1215
        New York, NY 10019  (via E.C.F. and first class mail)

Index No.  08 CV 4759 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD OSUNA,

$\qquad$ Plaintiff,

-against-

THE CITY OF NEW YORK, *et al.*,

$\qquad$ Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*NYPD, Jacobellis and Holohan*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Benjamin E. Stockman*
*Tel:  (212) 788-1177*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ................................................................................ *, 200...*

........................................................................................... *Esq.*

*Attorney for* ...............................................................................................