UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
RICHARD OSUNA

                          Plaintiff,

                                                                    **ANSWER**
               -against-                                       CV 08 4759

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
OFFICER CHRISTOPHER JACOBELLIS, 13th's Precinct,
OFFICER HOLIHAN, 13th Precinct,
THE BELMONT LOUNGE,
SERGIO ALARCON, individually
SERGIO ALARCON, as employee of
BELMONT LOUNGE,

                          Defendants.
------------------------------------------------------------------------------X

       Defendant, BELMONT LOUNGE, by its attorneys, CARDENAS & ASSOCIATES, hereby answers the plaintiff's complaint as follows:

       1.     As to paragraph 1, Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, defendant BELMONT LOUNGE (hereinafter, "BELMONT") denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

       2.     As to paragraph 2 (a), Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, defendant BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. As to paragraph 3, Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. As to paragraph 4, Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. As to paragraph 5, Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. As to paragraph 6, Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. As to paragraph 7, to the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. As to paragraph 8 and each and every sentence therein, to the extent they are deemed to be allegations of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. As to paragraph 9 and each and every sentence therein, to the extent they are deemed to be allegations of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. As to paragraph 10 and each and every sentence therein, to the extent they are deemed to be allegations of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. As to paragraph 11, BELMONT admits the allegations contained in this paragraph, except that as to "assumes the risk incidental to the employment of said employees" denies knowledge or information sufficient to form a belief as to the truth of this allegations.

12. As to paragraph 12, BELMONT admits the allegations contained in the first sentence and as to the second sentence it alleges a conclusion of law to which no responsive pleading is required. To the extent it deemed to be allegations of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in this paragraph.

13. As to paragraph 13 and each and every sentence therein, to the extent they are deemed to be allegations of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. As to paragraph 14 and each and every sentence therein, to the extent they are deemed to be allegations of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15.     As to paragraph 15 and each and every sentence therein, to the extent they are deemed to be allegations of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16.     As to paragraph 16 and each and every sentence therein, to the extent they are deemed to be allegations of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17.     In response to the allegations of paragraph 17, BELMONT repeats and realleges its responses to paragraphs 1 through 16 of the complaint.

18.     As to paragraph 18, Plaintiff alleges a conclusion of law to which no responsive pleading is required.  To the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19.     As to paragraph 19, to the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20.     In response to the allegations of paragraph 20, BELMONT repeats and realleges its responses to paragraphs 1 through 19 of the complaint.

21.     As to paragraph 21, Plaintiff alleges a conclusion of law to which no responsive pleading is required.  To the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. As to paragraph 22, to the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. In response to the allegations of paragraph 23, BELMONT repeats and realleges its responses to paragraphs 1 through 22 of the complaint.

24. As to paragraph 24, Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25. As to paragraph 25, to the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26. In response to the allegations of paragraph 26, BELMONT repeats and realleges its responses to paragraphs 1 through 25 of the complaint.

27. As to paragraph 27, Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28. In response to the allegations of paragraph 28, BELMONT repeats and realleges its responses to paragraphs 1 through 27 of the complaint.

29. As to paragraph 29, to the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30. In response to the allegations of paragraph 30, BELMONT repeats and realleges its responses to paragraphs 1 through 29 of the complaint.

31. As to paragraph 31, to the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. In response to the allegations of paragraph 26, BELMONT repeats and realleges its responses to paragraphs 1 through 31 of the complaint.

33. As to paragraph 33, to the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34. In response to the allegations of paragraph 34, BELMONT repeats and realleges its responses to paragraphs 1 through 33 of the complaint.

35. As to paragraph 35, to the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36. In response to the allegations of paragraph 36, BELMONT repeats and realleges its responses to paragraphs 1 through 35 of the complaint.

37. As to paragraph 37, to the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38. In response to the allegations of paragraph 38, BELMONT repeats and realleges its responses to paragraphs 1 through 37 of the complaint.

39. As to paragraph 39, to the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40. In response to the allegations of paragraph 40, BELMONT repeats and realleges its responses to paragraphs 1 through 39 of the complaint.

41. As to paragraph 41, to the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42. In response to the allegations of paragraph 42, BELMONT repeats and realleges its responses to paragraphs 1 through 41 of the complaint.

43. As to paragraph 43, to the extent it is deemed to be an allegation of fact, BELMONT denies the allegations contained in this paragraph.

44. In response to the allegations of paragraph 44, BELMONT repeats and realleges its responses to paragraphs 1 through 43 of the complaint.

45. As to paragraph 45, to the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

46. In response to the allegations of paragraph 46, BELMONT repeats and realleges its responses to paragraphs 1 through 45 of the complaint.

47. As to paragraph 47, to the extent it is deemed to be an allegation of fact, BELMONT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**AFFIRMATIVE DEFENSES**

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

48.     Plaintiff has failed to state a cause of action upon which relief can be granted.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

49.     The damages, if any, alleged to have been sustained by the plaintiff, were caused in whole or in part by the culpable conduct of the plaintiff contributing thereto.

**CROSS-CLAIMS AGAINST CO-DEFENDANTS**

50.     Defendant, BELMONT LOUNGE, by its attorneys, CARDENAS & ASSOCIATES, hereby cross-claims against co-defendants, The City of New York, The New York City Police Department, Officer Christopher Jacobellis, 13th's Precinct and Officer Holihan, 13th Precinct, as follows:

Upon information and belief, if any damages were sustained by plaintiff as alleged in the complaint, said damages resulted from the culpable conduct, acts or omissions of the co-defendants, or third parties not mentioned herein, other than the answering defendant.

That by reason of the foregoing, the co-defendants will be liable to the answering defendant in the amount of any recovery by any party as against the answering defendant.

**WHEREFORE**, defendant, BELMONT LOUNGE, respectfully requests that this court enter judgment in his favor as follows:

(i)   Denying the plaintiff's claims for relief in all respects;

(ii)  Dismissing the Complaint on the merits and with prejudice;

(iii) Awarding the defendant, Belmont Lounge damages, both compensatory and punitive, including attorneys' fees, costs and disbursements in this action; and

(iv)  Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 8, 2008

CARDENAS & ASSOCIATES

By: J. ROBERTO CARDENAS, Esq.
Federal ID # JC 2576
119 W 57th Street, Suite 1215
New York, New York 10019
Tel. (212) 977 7095
Fax. (212) 977 7085

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served upon Victor M. Brown, Esq. at 11 Park Place, Suite 600, New York, New York 10007, attorney for Plaintiff, a true and correct copy of this document.

Dated: August 8, 2008
      New York, New York

Respectfully,

J. ROBERTO CARDENAS, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RICHARD OSUNA

                    Plaintiff,

             -against-                                  CV 08 4759

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
OFFICER CHRISTOPHER JACOBELLIS, 13th's Precinct,
OFFICER HOLIHAN, 13th Precinct,
THE BELMONT LOUNGE,
SERGIO ALARCON, individually
SERGIO ALARCON, as employee of
BELMONT LOUNGE,

                    Defendants.
------------------------------------------------------------------------X

        CORPORATE DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1

        Defendant, BELMONT LOUNGE, by its attorneys, CARDENAS & ASSOCIATES, hereby state the following:

        1.    It is a nongovernmental corporate party.

        2.    It is a d/b/a of UNION 15 RESTAURANT CORP which is its parent corporation.

Dated: New York, New York
       August 8, 2008

                                                  CARDENAS & ASSOCIATES

                                                  By: J. ROBERTO CARDENAS, Esq.
                                                  Federal ID # JC 2576
                                                  119 W 57th Street, Suite 1215
                                                  New York, New York 10019
                                                  Tel. (212) 977 7095
                                                  Fax. (212) 977 7085

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served upon Victor M. Brown, Esq. at 11 Park Place, Suite 600, New York, New York 10007, attorney for Plaintiff, a true and correct copy of this document.

Dated: August 8, 2008
New York, New York

Respectfully,

*/s/ J. Roberto Cardenas/*
J. ROBERTO CARDENAS, ESQ.