UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
RICHARD OSUNA

        Plaintiff,

                       **ANSWER**
    -against-              CV 08 4759

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
OFFICER CHRISTOPHER JACOBELLIS, 13th's Precinct,
OFFICER HOLIHAN, 13th Precinct,
THE BELMONT LOUNGE,
SERGIO ALARCON, individually
SERGIO ALARCON, as employee of
BELMONT LOUNGE,

        Defendants.
------------------------------------------------------------------------------X

   Defendant, SERGIO ALARCON, by his attorneys, CARDENAS & ASSOCIATES, hereby answers the plaintiff's complaint as follows:

   1.  As to paragraph 1, Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, defendant SERGIO ALARCON (hereinafter, "ALARCON") denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

   2.  As to paragraph 2 (a), Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, defendant ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. As to paragraph 3, Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. As to paragraph 4, Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. As to paragraph 5, Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. As to paragraph 6, Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. As to paragraph 7, to the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. As to paragraph 8 and each and every sentence therein, to the extent they are deemed to be allegations of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. As to paragraph 9 and each and every sentence therein, to the extent they are deemed to be allegations of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. As to paragraph 10 and each and every sentence therein, to the extent they are deemed to be allegations of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. As to paragraph 11, ALARCON admits the allegations contained in this paragraph, except that as to "assumes the risk incidental to the employment of said employees" denies knowledge or information sufficient to form a belief as to the truth of this allegations.

12. As to paragraph 12, ALARCON admits the allegations contained in the first sentence and as to the second sentence it alleges a conclusion of law to which no responsive pleading is required.To the extent it deemed to be allegations of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in this paragraph.

13. As to paragraph 13 and each and every sentence therein, to the extent they are deemed to be allegations of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. As to paragraph 14 and each and every sentence therein, to the extent they are deemed to be allegations of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. As to paragraph 15 and each and every sentence therein, to the extent they are deemed to be allegations of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. As to paragraph 16 and each and every sentence therein, to the extent they are deemed to be allegations of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. In response to the allegations of paragraph 17, ALARCON repeats and realleges its responses to paragraphs 1 through 16 of the complaint.

18. As to paragraph 18, Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. As to paragraph 19, to the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. In response to the allegations of paragraph 20, ALARCON repeats and realleges its responses to paragraphs 1 through 19 of the complaint.

21. As to paragraph 21, Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. As to paragraph 22, to the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. In response to the allegations of paragraph 23, ALARCON repeats and realleges its responses to paragraphs 1 through 22 of the complaint.

24. As to paragraph 24, Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25. As to paragraph 25, to the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26. In response to the allegations of paragraph 26, ALARCON repeats and realleges its responses to paragraphs 1 through 25 of the complaint.

27. As to paragraph 27, Plaintiff alleges a conclusion of law to which no responsive pleading is required. To the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28. In response to the allegations of paragraph 28, ALARCON repeats and realleges its responses to paragraphs 1 through 27 of the complaint.

29. As to paragraph 29, to the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30. In response to the allegations of paragraph 30, ALARCON repeats and realleges its responses to paragraphs 1 through 29 of the complaint.

31. As to paragraph 31, to the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. In response to the allegations of paragraph 26, ALARCON repeats and realleges its responses to paragraphs 1 through 31 of the complaint.

33. As to paragraph 33, to the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34. In response to the allegations of paragraph 34, ALARCON repeats and realleges its responses to paragraphs 1 through 33 of the complaint.

35. As to paragraph 35, to the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36. In response to the allegations of paragraph 36, ALARCON repeats and realleges its responses to paragraphs 1 through 35 of the complaint.

37. As to paragraph 37, to the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38. In response to the allegations of paragraph 38, ALARCON repeats and realleges its responses to paragraphs 1 through 37 of the complaint.

39. As to paragraph 39, to the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40. In response to the allegations of paragraph 40, ALARCON repeats and realleges its responses to paragraphs 1 through 39 of the complaint.

41. As to paragraph 41, to the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42. In response to the allegations of paragraph 42, ALARCON repeats and realleges its responses to paragraphs 1 through 41 of the complaint.

43. As to paragraph 43, to the extent it is deemed to be an allegation of fact, ALARCON denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

44. In response to the allegations of paragraph 44, ALARCON repeats and realleges its responses to paragraphs 1 through 43 of the complaint.

45. As to paragraph 45, to the extent it is deemed to be an allegation of fact, ALARCON denies the allegations contained in this paragraph.

46. In response to the allegations of paragraph 46, ALARCON repeats and realleges its responses to paragraphs 1 through 45 of the complaint.

47. As to paragraph 47, to the extent it is deemed to be an allegation of fact, ALARCON denies the allegations contained in this paragraph.

**AFFIRMATIVE DEFENSES**

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

48. Plaintiff has failed to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

49. The damages, if any, alleged to have been sustained by the plaintiff, were caused in whole or in part by the culpable conduct of the plaintiff contributing thereto.

## CROSS-CLAIMS AGAINST CO-DEFENDANTS

50. Defendant, SERGIO ALARCON, by his attorneys, CARDENAS & ASSOCIATES, hereby cross-claims against co-defendants, The City of New York, The New York City Police Department, Officer Christopher Jacobellis, 13th's Precinct and Officer Holihan, 13th Precinct, as follows:

Upon information and belief, if any damages were sustained by plaintiff as alleged in the complaint, said damages resulted from the culpable conduct, acts or omissions of the co-defendants, or third parties not mentioned herein, other than the answering defendant.

That by reason of the foregoing, the co-defendants will be liable to the answering defendant in the amount of any recovery by any party as against the answering defendant.

**WHEREFORE**, defendant, SERGIO ALARCON, respectfully requests that this court enter judgment in his favor as follows:

(i) Denying the plaintiff's claims for relief in all respects;

(ii)   Dismissing the Complaint on the merits and with prejudice;

(iii)  Awarding the defendant, Sergio Alarcon damages, both compensatory and punitive, including attorneys' fees, costs and disbursements in this action; and

(iv)   Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 8, 2008

                                            CARDENAS & ASSOCIATES

                                            By: J. ROBERTO CARDENAS, Esq.
                                            Federal ID # JC 2576
                                            119 W 57th Street, Suite 1215
                                            New York, New York 10019
                                            Tel. (212) 977 7095
                                            Fax. (212) 977 7085

## CERTIFICATE OF SERVICE

     I hereby certify that I caused to be served upon Victor M. Brown, Esq. at 11 Park Place, Suite 600, New York, New York 10007, attorney for Plaintiff, a true and correct copy of this document.

Dated: August 8, 2008
       New York, New York

                                              Respectfully,

                                          J. ROBERTO CARDENAS, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD OSUNA

                            Plaintiff,

                -against-                                CV 08 4759

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
OFFICER CHRISTOPHER JACOBELLIS, 13th's Precinct,
OFFICER HOLIHAN, 13th Precinct,
THE BELMONT LOUNGE,
SERGIO ALARCON, individually
SERGIO ALARCON, as employee of
BELMONT LOUNGE,

                            Defendants.
------------------------------------------------------------------X

           CORPORATE DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1

       Defendant, SERGIO ALARCON, by his attorneys, CARDENAS & ASSOCIATES, hereby state the following:

       1.    He is an individual.

       2.    He does not have any corporate parent.

Dated: New York, New York
         August 8, 2008

                                                     CARDENAS & ASSOCIATES

                                                     By: J.ROBERTO CARDENAS, Esq.
                                                        Federal ID # JC 2576
                                                        119 W 57th Street, Suite 1215
                                                        New York, New York 10019
                                                        Tel. (212) 977 7095
                                                        Fax. (212) 977 7085

1

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served upon Victor M. Brown, Esq. at 11 Park Place, Suite 600, New York, New York 10007, attorney for Plaintiff, a true and correct copy of this document.

Dated: August 8, 2008
New York, New York

Respectfully,

*/s/ J. Roberto Cardenas*
J. ROBERTO CARDENAS, ESQ.